IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRALCENTRAL DIVISION

| | |
|---|---|
| CLEARONE, INC., a Utah Corporation.<br><br>                    Plaintiff.<br><br>v.<br><br>RSM US LLP, an Iowa limited liability partnership.<br>                    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:16-cv-00736-DN<br><br>District Judge David Nuffer |

Defendant RSM US LLP ("RSM"), relying on Rules 9(b) and 12(b)(6), moves to dismiss ("Motion")[1] six out of seven claims for relief asserted in Plaintiff ClearOne, Inc.'s ("ClearOne") Complaint ("Complaint").[2] The Complaint alleges seven causes of action: (1) professional negligence,[3] (2) breach of contract,[4] (3) breach of the covenant of good faith and fair dealing,[5] (4) fraudulent misrepresentation,[6] (5) fraudulent non-disclosure,[7] (6) estoppel,[8] and (7) unjust enrichment.[9] RSM seeks to dismiss all claims except professional negligence.[10] ClearOne

---

[1] Partial Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(6) ("Motion"), docket no. 11, filed August 2, 2016.

[2] Complaint ("Complaint"), docket no. 2, filed June 28, 2016.

[3] *Id*. ¶¶ 71–78.

[4] *Id*. ¶¶ 79–84.

[5] *Id*. ¶¶ 85–92.

[6] *Id*. ¶¶ 93–98.

[7] *Id*. ¶¶ 99–104.

[8] *Id*. ¶¶ 105–109.

[9] *Id*. ¶¶ 110–113.

[10] Motion at 1.

opposes dismissal of any of the claims ("Opposition").[11] RSM submitted a Reply ("Reply") to support its arguments.[12] For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... 2
ALLEGED FACTS ................................................................................................................... 2
STANDARD FOR RULE 12(B)(6) MOTION TO DISMISS ................................................. 5
STANDARD FOR PLEADING FRAUD CLAIMS ................................................................. 7
DISCUSSION .......................................................................................................................... 7
    The Contract Claims ..................................................................................................... 8
        The Contract Claims Are Not Redundant ............................................................ 9
        The Contract Claims Do Not "Sound in Tort" and Are Not Redundant of the
            Professional Negligence Claim .................................................................. 11
        Even if the Contract Claims "Sound in Tort," They Will Not Be Dismissed ....... 14
    Fraudulent Misrepresentation ...................................................................................... 14
    Fraudulent Non-Disclosure ......................................................................................... 18
        RSM Did Not Have a Duty to Notify ClearOne of Unrelated SEC Investigations
        ........................................................................................................................ 19
        There is No Showing that RSM Knew Its Independence Had Been Compromised
            in February 2015 ........................................................................................ 20
    Equitable Claims .......................................................................................................... 22
CONCLUSION ....................................................................................................................... 24
ORDER ................................................................................................................................... 26

## ALLEGED FACTS[13]

ClearOne is a publicly traded company, and is required to file periodic, independently audited financial statements with the U.S. Securities and Exchange Commission (the "SEC").[14] In June 2012, ClearOne retained RSM as an independent public accounting firm to perform

---

[11] Opposition to Defendant's Partial Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) ("Opposition"), docket no. 19, filed September 9, 2016.

[12] Reply Brief For Defendant's Partial Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6) ("Reply"), docket no. 20, filed September 30, 2016.

[13] The allegations provided in this section derive from ClearOne's Complaint and the parties' briefing. For purposes of this memorandum decision and order, the Plaintiff's allegations are assumed to be true.

[14] Complaint ¶¶ 6–7.

auditing, tax, and consulting services for ClearOne in order to meet the requirements of the SEC.[15] ClearOne alleges that "RSM and ClearOne executed contractual agreements to govern the work to be performed by RSM, including letters from RSM's Mel Hudson to Scott Hunstman, Chairman of the Audit Committee for Clear One, on April 15, 2014, and April 28, 2015 (collectively, the 'Agreements')."[16]

ClearOne alleges that on or about October 8, 2015, RSM "abruptly and without warning resigned" as ClearOne's public accounting firm.[17] "In conjunction with its resignation," ClearOne alleges, "RSM withdrew its audit report of ClearOne's financial statements for the previous year ended December 31, 2014, as well as all interim reports issued by RSM in 2015."[18]

ClearOne alleges that "[a]s ClearOne's auditor, "RSM owed a number of contractual and independent duties (the 'RSM Duties'), including to conduct its audits in accordance with Generally Accepted Accounting Principles ('GAAP'), Generally Accepted Auditing Standards ('GAAS'), and other binding industry standards, such as those established by the Public Company Accounting Oversight Board ("PCOAB")[.]"[19] ClearOne refers to all of these alleged duties as "Binding Industry Standards."[20]

ClearOne alleges that RSM also owed ClearOne a number of other duties, "including the bedrock principle that an auditor is at all time[s] to be independent" ("Independence Duty")[21] as

---

[15] *Id.* ¶¶ 7, 24, 28 (citing 17 C.F.R. §210.2–01(b) (requiring that all accountants be independent when auditing for a client under the SEC rules)).

[16] Complaint ¶ 47.

[17] *Id.* ¶ 52.

[18] *Id.* ¶ 53.

[19] *Id.* ¶ 26.

[20] *Id.*

[21] *Id.* ¶ 27.

well as a "duty to know and understand the [SEC] rules"[22] of independence; "a duty to establish and follow internal controls" ("Internal Controls Duty")[23] to ensure independence; as well as to "perform . . . customary, periodic, and appropriate conflict checks prior to undertaking any work for a client that might threaten RSM's status as 'independent'" ("Conflict Check Duty");[24] and a "duty to timely discover any potential conflict related to RSM's independence, and to provide immediate notice to ClearOne" ("Timely Notice Duty").[25] ClearOne alleges that "RSM's failure to identify the potential threat to its independence . . . constitute[s] a breach of RSM's contractual, ethical, and other duties to ClearOne[.]"[26]

On February 2, 2015, before RSM allegedly resigned as ClearOne's auditor, RSM allegedly "expressly represented to ClearOne that, as of that date, RSM was 'independent with respect to the Company in compliance with PCOAB Rule 3520,' in addition to the 'independence criteria set out in the rules and regulations of the SEC under the federal securities laws.'"[27] However, ClearOne alleges that this representation regarding independence was not true. "[B]eginning in 2014," ClearOne alleges, "an RSM affiliate in Hong Kong, RSM Nelson Wheeler, provided to ClearOne's Hong Kong subsidiary certain accounting and consulting services, including representing ClearOne's Hong Kong subsidiary with an income-tax related issues [sic]." This work, ClearOne alleges, "resulted in fees of approximately $2,000, was *de minimis*, unrelated to the audit work performed by RSM for ClearOne"[28] and was undertaken

---

[22] *Id*. ¶ 29.

[23] *Id*. ¶ 32 ("Internal Controls Duty").

[24] *Id*. ¶ 33 ("Conflict Check Duty").

[25] *Id*. ¶ 34 ("Timely Notice Duty").

[26] *Id*. ¶ 55.

[27] *Id*. ¶ 43.

[28] *Id*. ¶ 40.

"without advising ClearOne that the work might or would threaten RSM's 'independence' with respect to RSM's audit under the Binding Industry Standards."[29] "RSM expressly acknowledged [in February 2015] that it had considered the work done by RSM Nelson Wheeler in Hong Kong" for ClearOne's subsidiary and that it considered the services "preapproved."[30]

According to ClearOne, RSM's October 2015 resignation letter (the "Resignation Letter") stated that RSM's "independence had been impaired…because 'an associated entity of [RSM][31] ha[d] provided certain prohibited non-audit services to an international subsidiary of ClearOne.'"[32] ClearOne therefore alleges that "RSM's failure to identify the potential threat to its independence and the abrupt resignation constitute a breach of RSM's contractual, ethical, and other duties to ClearOne, including the Internal Controls Duty, the Conflict Check Duty, and the Timely Notice Duty."[33] RSM moves to dismiss ClearOne's Complaint with respect to all causes of action except professional negligence.

## STANDARD FOR RULE 12(B)(6) MOTION TO DISMISS

Defendant is entitled to dismissal under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim for which relief may be granted.[34] When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the complaint is presumed, but conclusory allegations need not be considered.[35] A court is not bound

---

[29] *Id*. ¶ 41.

[30] *Id*. ¶ 44.

[31] According to the Complaint, RSM was "formerly McGladrey LLP." *Id*. ¶ 2.

[32] *Id*. ¶ 54.

[33] *Id*. ¶ 55.

[34] *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[35] *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

to accept the complaint's legal conclusions and opinions, whether or not they are couched as facts.[36]

The United States Supreme Court has held that satisfying the basic pleading requirements of the federal rules "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[37] "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[38] "[N]aked assertions devoid of further factual enhancement,"[39] do not state a claim sufficiently to survive a motion to dismiss.

"But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[40] That is, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."[41] "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them."[42]

---

[36] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).

[37] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly* , 550 U.S. at 555).

[38] *Iqbal*, 556 U.S. at 678.

[39] *Id.*

[40] *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

[41] *Robbins v. Oklahoma* 519 F.3d 1242, 1247–48 (10th Cir. 2008).

[42] *Id.* at 1248.

## STANDARD FOR PLEADING FRAUD CLAIMS

Claims alleging fraud must meet the heightened pleading standard found in Rule 9(b).[43] This standard requires that a Plaintiff, "[i]n alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake."[44] Pleading with particularity requires "set[ting] forth the who, what, when, where and how of the alleged fraud and . . . the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[45] "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[46] "But 'generally' is a relative term. In the context of Rule 9, it is to be compared to the particularity requirement applicable to fraud or mistake. Rule 9 merely excuses a party from pleading discriminatory intent under an elevated pleading standard. It does not give him license to evade the less rigid—though still operative—strictures of Rule 8."[47] The plausibility standard still "obliges a pleader to amplify a claim with some factual allegations" to meet the pleading standards under Rule 8.[48]

## DISCUSSION

RSM argues that dismissal is warranted for all claims in the Complaint except the first cause of action for professional negligence.[49] Thus, RSM moves to dismiss the following claims:

- breach of contract;
- breach of the implied covenant of good faith and fair dealing;
- fraudulent misrepresentation;
- fraudulent non-disclosure;
- estoppel; and

---

[43] Fed. R. Civ. P. 9(b).

[44] *Id*.; *Armed Forces Ins. Exch. v. Harrison*, 70 P.3d 35, 40 (Utah 2003).

[45] *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006).

[46] Fed. R. Civ. P. 9(b).

[47] *Iqbal*, 556 U.S. at 686-87.

[48] *Id*. at 670.

[49] Motion at 14 –16.

- unjust enrichment.

Each of these claims will be discussed in turn, with the breach of contract claim and breach of the implied covenant of good faith and fair dealing claim (collectively, the "Contract Claims") discussed together.

## The Contract Claims

RSM raises two challenges to the Contract Claims. First, RSM argues that the Contract Claims are redundant, and that because the breach of the implied covenant claim is based on the same conduct as the breach of contract claim, the implied covenant claim must be dismissed.[50] Second, RSM argues that the Contract Claims "sound in tort" and should be dismissed because the professional negligence claim "arise[s] from *identical* alleged operative facts and duties[.]"[51] Both of these arguments are incorrect.

First, viewing the allegations in the Complaint in the light most favorable to the nonmovant, ClearOne, the Contract Claims are not redundant. That is, the breach of contract claim and the breach of implied covenant claim may be reasonably viewed to be based on separate grounds. ClearOne's breach of contract claim may be reasonably read to be based on RSM's alleged *failure to provide auditing services* according to the *express* provisions found in the Agreements, while ClearOne's breach of implied covenant claim may be reasonably read to be based on *implied* duties not expressly contained within the Agreements such as the Independence Duty, the Internal Controls Duty, the Conflict Check Duty, and the Timely Notice Duty.

---

[50] *Id.* at 16 ("Therefore, Plaintiff's implied covenant claim should be dismissed as it alleges facts that are identical to the breach of contract claim.").

[51] *Id.* at 17 (emphasis in original).

Second, while the professional negligence claim sounds in tort, the Contract Claims can be read as sounding in contract, not in tort. Accordingly, the Contract Claims can be viewed as non-duplicative of the professional negligence claim.

RSM correctly notes that there is some overlap in the Complaint regarding the alleged conduct to support each of these three claims.[52] Ultimately, to prevail on these claims, ClearOne will be required to provide evidence to support these allegations. But at this stage of litigation, where allegations are presumed to be true and are construed in the light most favorable to ClearOne, ClearOne has sufficiently alleged separate claims. Therefore, RSM's arguments for dismissing the Contract Claims are incorrect.

**The Contract Claims Are Not Redundant**

RSM argues that ClearOne's "breach of implied covenant claim rests on allegations that are identical to its breach of contract claim[.]"[53] RSM then argues that "[t]he Complaint does not allege any contractual breach, or damages, besides the failure to adhere to professional standards [of care]."[54]  RSM is correct that in order to allege a breach of contract claim and a breach of implied covenant claim, the implied promise for the covenant must be separate from the breach of contract.[55] However, ClearOne's Complaint adequately provides a separate basis for its Contract Claims and cannot be dismissed for reasons of redundancy.

---

[52] *Compare* Complaint ¶¶ 75-76 *with* ¶ 83 *and* ¶ 89.

[53] Motion at 15.

[54] *Id.* at 18.

[55] *Id.* at 15; *See Canopy Corp. v. Symantec Corp.*, 395 F. Supp. 2d 1103, 1111 (D. Utah October 20, 2005) (holding that the plaintiff could not maintain a claim for breach of implied covenant of good faith and fair dealing because he failed to demonstrate an implied promise separate from the breach of agreements claim).

ClearOne's breach of contract claim, as alleged, stems from RSM's failure to provide auditing services in accordance with Binding Industry Standards.[56] On the other hand, ClearOne's breach of implied covenant claim, as alleged, stems from RSM's "failure to perform customary, periodic, and appropriate conflict checks . . . and to provide timely notice to ClearOne of a potential conflict impairing its qualification . . . ."[57] These statements show that ClearOne's breach of contract argument rests on an alleged failure to provide auditing services as part of the express provisions of the Agreements, while the breach of implied covenant argument rests on additional "independent duties[.]"[58] ClearOne makes factual allegations to support these separate claims. To support the breach of contract claim, ClearOne alleges that the parties entered into valid and binding Agreements that contained specific obligations for RSM to provide auditing services.[59] ClearOne also alleges that RSM performed some auditing services but then withdrew those services and did not ultimately fulfill all of the services that were agreed upon.[60] These factual allegations, if true, support a claim for breach of contract.

To support the breach of implied covenant claim, ClearOne alleges that there were certain duties RSM was impliedly obligated to fulfill by virtue of the Agreements, but which RSM failed to fulfill.[61] Those duties include performing conflict checks, giving timely notice of a potential conflict, and following generally accepted auditing standards.[62] ClearOne also alleges that RSM

---

[56] Complaint ¶ 80 ("ClearOne and RSM entered into valid and binding Agreements for auditing services."), ¶ 81 ("The Agreements required that RSM provide auditing services in exchange for payment from ClearOne."), ¶ 83 ("RSM breached its contractual duties by failing to provide services in accordance with the Binding Industry Standards.").

[57] *Id*. ¶ 89.

[58] *Id*. ¶ 26.

[59] *Id*. ¶ 80.

[60] *Id*. ¶ 53.

[61] *Id*. ¶¶ 55, 89.

[62] *Id*.

waited until October 2015 to give notice of the conflict even though it knew or should have known of the conflict before that time.[63] If true, these allegations support a separate claim for breach of implied covenant. Thus, ClearOne's Contract Claims should not be dismissed for redundancy.

### The Contract Claims Do Not "Sound in Tort" and Are Not Redundant of the Professional Negligence Claim

RSM also argues that the Contract Claims sound in tort and should be dismissed because they are duplicative of ClearOne's Professional Negligence claim regarding auditing, which also sounds in tort.[64] RSM cites heavily from two cases to support this argument: *Boyd v. Jones*[65] and *DOIT, Inc. v. Touche*.[66] In *Boyd*, the plaintiff, Mr. Boyd, sued his former attorney for breach of contract. "In his claim for breach of contract, Boyd alleged that [his former attorney] failed to 'perform the contract in good faith and with skill, care, and diligence.'"[67] The problem was, according to the court, that Boyd "did not cite any portion of a contract that specified a particular contractual standard of skill, care, or diligence."[68] In other words, Boyd's breach of contract claim was based on duties that were not expressly part of the parties' agreement. The court determined that the plaintiff's claim sounded in tort "because the duty of care related by Boyd's complaint is imposed . . . by the common law and not more particularly specified . . . ."[69] That is not the case here. Here, the breach of contract claim can be viewed to be based on RSM entering into "valid and binding Agreements for auditing services" but "failing to provide" those

---

[63] *Id*. ¶¶ 34, 54–55.

[64] Motion at 16.

[65] *Id.* at 16–18; *Boyd v. Jones*, 85 F. App'x 77 (10th Cir. 2003).

[66] Motion at 16–18; *DOIT, Inc. v. Touche, Ross & Co.*, 926 P.2d 835 (Utah 1996).

[67] *Boyd*, 85 F. App'x at 80–81.

[68] *Id*. at 81.

[69] *Id*.

services.[70] The breach of contract claim therefore can be viewed as different from the breach of contract claim in *Boyd*.

RSM disagrees, arguing that "the only wrong that Plaintiff alleges is that RSM failed to perform these audits *in accordance with industry standards*."[71] According to RSM, this same argument was made in *DOIT* and was interpreted by the Utah Supreme Court to be an argument sounding in tort.[72] In *DOIT*, RSM argues, contract claims were interpreted as tort claims because they were simply rephrased negligence claims governed by the professional standards of the accounting profession.[73] But *DOIT* is distinguishable from this case because in *DOIT* it was *undisputed* that "the audits were performed, completed, and delivered."[74] In fact, the plaintiffs in *DOIT* did not even argue that the accountant defendants "failed to perform their contracts."[75] Here, ClearOne's Complaint does not allege that RSM fulfilled its express obligations under the Agreements. Instead, ClearOne alleges that "RSM's abrupt withdrawal as ClearOne's independent public auditor, and its withdrawal of its previously issued financial reports, rendered valueless to ClearOne all of the work done by RSM . . . ."[76] This allegation supports the argument that RSM breached the express provisions of the contract by not providing the auditing services it agreed to provide.

---

[70] Complaint ¶¶ 80, 83.

[71] Motion at 18 (emphasis added).

[72] *Id*.

[73] Reply at 9 n. 4.

[74] *DOIT*, 926 P.2d at 842 n. 13.

[75] *Id*. at 849.

[76] Complaint ¶ 56.

Thus, even though it is true that the Complaint states that "RSM breached its contractual duties by failing to provide services in accordance with the Binding Industry Standards[,]"[77] this does not mean that *DOIT* applies and the breach of contract claim sounds in tort. The breach of contract claim can be reasonably read to be based in express contractual provisions and therefore based in contract. Further, *DOIT* also makes clear that "a plaintiff will not be permitted to characterize a tort action as one in contract in order to avoid the bar of the statute of limitations."[78] There is no indication ClearOne is attempting to avoid any statute of limitations. There is no reason to conclude that the breach of contract claim sounds in tort. It is therefore not duplicative of the professional negligence claim.

Similarly, there is no reason to conclude that the breach of implied covenant claim sounds in tort. The breach of implied covenant claim is based on the existence of "binding and enforceable contracts between ClearOne and RSM"[79] which contained implied promises from RSM that it would not "intentionally or purposefully do anything which would destroy or injure ClearOne's right to receive the fruits of the Agreements."[80] A fair reading of these allegations shows that the breach of implied covenant claim arises from the existence of the Agreements. It can be reasonably concluded, then, that the breach of implied covenant claim sounds in contract, not in tort. Accordingly, it is not duplicative of the professional negligence claim.[81]

---

[77] *Id*. ¶ 83.

[78] *DOIT*, 926 P.2d at 842 n. 13.

[79] Complaint ¶ 86

[80] *Id*. ¶ 88.

[81] The Agreements which are alleged to have formed the contract between the parties have not been provided to the court. Without the Agreements, the court cannot determine what the Agreements state. Nevertheless, the allegations contained within the Complaint are sufficient to support the Contract Claims.

**Even if the Contract Claims "Sound in Tort," They Will Not Be Dismissed**

RSM is correct that the Complaint is not a model of clarity in describing the alleged conduct giving rise to the Contract Claims. Indeed, RSM has a strong argument that "[a]t the heart of [ClearOne]'s contract-based and professional negligence claims is the *same* allegation that RSM failed to comply with alleged Binding Industry Standards."[82] But even if the Contract Claims are read to arise in tort, and are based on "the common law and not more particularly specified,"[83] dismissal of the Contract Claims would not be mandated. "In a relationship with a professional, there may be several sources of liability on which a client can bring a claim: (1) duties imposed by operation of law, (2) contractual obligations, or (3) coextensive tort and contract duties."[84] "[W]ith respect to duties that arise both in tort and contract, . . . a plaintiff may elect to bring a tort action, a contract action, *or both*."[85] Thus, ClearOne is authorized under Utah law to bring a professional negligence claim arising in tort and Contract Claims arising in contract or tort, or both. ClearOne may only *recover* on one of those theories,[86] but these claims may coexist in the same lawsuit.[87] The Contract Claims will not be dismissed for redundancy.

### Fraudulent Misrepresentation

ClearOne's fourth cause of action is based on fraudulent misrepresentation. ClearOne alleges that:

> 94. RSM made representations to ClearOne which include, but are not limited to, representations that RSM was independent as of February 2, 2015.

---

[82] Reply at 8 (emphasis in original).

[83] *Boyd*, 85 F. App'x at 81.

[84] *Guardian Title Co. of Utah v. Mitchell*, 54 P.3d 130, 132 (Utah 2002).

[85] *Id*. at 133 (emphasis added).

[86] *Id*. at 133 n.3.

[87] *Id*. at 132–33.

95. RSM's representations were material; false at the time they were made or made recklessly, knowing that there was insufficient knowledge upon which to base such representations; and for the purpose of inducing ClearOne to act.

96. ClearOne, acting in reasonable reliance upon RSM's fraudulent representations and in ignorance of their falsity, did in fact rely upon these false representations to ClearOne's detriment, including as alleged above.

97. As a direct and proximate result of RSM's fraudulent misrepresentations, ClearOne has been damaged and are therefore entitled to a judgment for damages against RSM in an amount to be determined at trial.

98. RSM's conduct was willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and disregard of, the rights of ClearOne, entitling ClearOne to an award of punitive damages against RSM under Utah Code Ann. § 78B-8-201.[88]

To establish a claim for fraudulent misrepresentation, the following elements must be alleged:

(1) a representation;
(2) concerning a presently existing material fact;
(3) which was false;
*(4) which the representer either*
    *(a) knew to be false, or*
    *(b) made recklessly, knowing that he had insufficient knowledge on*
    *which to base such representation;*
(5) for the purpose of inducing the other party to act upon it;
(6) that the other party, acting reasonably and in ignorance of its falsity;
(7) did in fact rely upon it;
(8) and was thereby induced to act;
(9) to his injury and damage.[89]

As the elements above indicate, a claim for fraudulent misrepresentation can be established by alleging either actual knowledge ("knew to be false") *or* recklessness ("made recklessly . . . ."). While "malice, intent [and] knowledge" can be alleged generally,[90] such

---

[88] Complaint ¶¶ 94–98.

[89] *Secor v. Knight*, 716 P.2d 790, 794 (Utah 1986) (emphasis added); *Armed Forces Ins. Exch.*, 70 P.3d at 40.

[90] Fed. R. Civ. P. 9(b).

claims must be supported by facts.[91] A Plaintiff cannot simply "plead the bare elements of his cause of action, affix a label 'general allegation,' and expect [the] complaint to survive a motion to dismiss."[92] Because ClearOne's allegations regarding fraudulent misrepresentation are conclusory and lack specificity, and ClearOne fails to allege facts that support knowledge of falsity or recklessness, RSM is correct that the fraudulent misrepresentation claim should be dismissed.

ClearOne does not adequately allege a "knowing misrepresentation" sufficient to support its fraudulent misrepresentation claim because ClearOne does not plausibly allege that RSM had the requisite intent necessary to establish fraud.[93] There is nothing in the Complaint that suggests RSM had a plausible motive to deceive.[94] While ClearOne has sufficiently alleged that a misrepresentation was made, that is not enough to establish *fraudulent* misrepresentation. There must be more than an allegation of mistake; there must be knowledge of fraud by either knowledge of false representation or recklessness, and recklessness is shown by alleging knowledge that there was not enough information on which to base the misrepresentation.[95] ClearOne's allegation that RSM stated its independence in the February 2, 2015 letter[96] does not show either knowledge or recklessness. Conversely, it shows that RSM did *not* believe its independence was at risk and had made an inquiry into the matter—indicating there was

---

[91] *Iqbal*, 556 U.S. at 686-87 (2009); *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1237 (10th Cir. 2000) (dismissing allegations of fraud where complaint failed to set forth a sufficient factual basis for plaintiffs' belief that defendant acted with fraudulent intent or fraudulent purpose).

[92] *Iqbal*, 556 U.S. at 687.

[93] Motion at 6.

[94] *Id*. at 7.

[95] *Id*.

[96] Complaint ¶ 94.

sufficient knowledge on which to base its representations. While this representation did not ultimately turn out to be true, this does not mean RSM engaged in *fraudulent* misrepresentation.

Even construing the allegations in the light most favorable to ClearOne, and drawing all reasonable inferences in ClearOne's favor, it is not plausible that RSM would deliberately conceal knowledge of its affiliate's work for $2,000 "knowing that it would create an independence problem jeopardizing hundreds of thousands of dollars in auditing fees it would otherwise earn from [ClearOne]."[97] This is not a plausible claim, and there are no specific factual allegations showing that RSM either knew its independence claim was false or that RSM made its claim of independence recklessly, knowing that it had insufficient knowledge on which to base such representation.

ClearOne's fraudulent misrepresentation claim is more a formulaic recitation of elements than a specific statement of the "who, what, when, where and how of the alleged fraud . . . ."[98] And although ClearOne argues that "a reasonable juror could infer that RSM knew, or at least suspected, that there was a problem with its independence, but nevertheless turned a blind eye and recklessly pushed forward by misrepresenting the situation to ClearOne in order to continue its business with ClearOne[,]"[99] this argument is not supported by factual allegations. The only factual allegations ClearOne makes with regard to this position are that (1) RSM sent the February 2, 2015 letter to ClearOne stating RSM was independent; and (2) "RSM had been accused of failing to adequately monitor its independence with other clients[.]"[100] As explained above, the February 2, 2015 letter supports the argument that a representation was made about a

---

[97] Motion at 4–5.

[98] *Sikkenga*, 472 F.3d at 727.

[99] Opposition at 4.

[100] *Id*. at 5 (citing Complaint ¶ 45).

material fact that ultimately proved incorrect, but it does *not* support the argument that the false representation was made *fraudulently* (i.e., knowing it was false or knowing there was not enough information on which to base the representation). Further, the allegation that RSM had been accused of failing to monitor its independence with other clients is too attenuated to meet the specific pleading requirements for fraud. Other clients' experiences do not explain why *this representation* to ClearOne was allegedly made fraudulently. Rule 9(b) "do[es] not require courts to credit a complaint's conclusory statements without reference to its factual context.[101] Yet that is precisely what ClearOne is requesting this court to do—to consider a scenario in which a reasonable juror could conclude, based on the conclusory, formulaic statements in the Complaint, that fraudulent misrepresentation has occurred. But the scarcity of factual context is fatal to ClearOne's fraudulent misrepresentation claim. Perhaps the claim would survive standard dismissal analysis, but it does not satisfy the heightened pleading requirements of Rule 9(b).[102]

### Fraudulent Non-Disclosure

ClearOne's fifth cause of action is based on fraudulent non-disclosure. ClearOne alleges that RSM "owed a duty to ClearOne to communicate and disclose to ClearOne material facts, including, but not limited to, the effect of the work of RSM Nelson Wheeler on RSM's independence and the SEC investigation into RSM for similar independence issues with other clients . . . ."[103] ClearOne alleges that "RSM had knowledge of the material information and had the opportunity to disclose it to ClearOne"[104] but "intentionally did not disclose . . . that RSM's

---

[101] *Rich Media Club L.L.C. v. Mentchoukov*, No. 2:11-cv-01202-TS, 2012 WL 1119505, at *6 (D. Utah Apr. 3, 2012) (quoting *Iqbal*, 556 U.S. at 686) (alteration in original).

[102] *See Armed Forces Ins. Exch.*, 70 P.3d at 40 (dismissing under Utah R. Civ. P. 9(b) conclusory allegations, strikingly similar to those advanced by ClearOne, that "merely recite the elements of fraud").

[103] Complaint ¶ 100.

[104] *Id*. ¶ 102.

representations as to its independence were false . . . ."[105] ClearOne alleges that if the information had been properly disclosed, "it would have materially impacted ClearOne's relationship with and decisions regarding RSM, and ClearOne would not have been damaged to the same extent."[106]

Fraudulent non-disclosure rests on three elements: "(1) a legal duty to communicate, (2) undisclosed material information, and (3) a showing that the information was known to the party who failed to disclose."[107] The first element, the legal duty, "should be analyzed before any other elements. . . . After all, if there is not duty to communicate information, there is no entitlement to remedy."[108] The existence of a legal duty to disclose "grows out of the relationship between the parties, and the duties created by that relationship."[109]

RSM argues that ClearOne's fraudulent non-disclosure allegations fail for two reasons. First, "RSM does not have a legal duty to communicate to [ClearOne about] the existence of unrelated SEC investigations into RSM's business[.]"[110] Second, RSM argues that ClearOne's Complaint "fails to plausibly allege that RSM had knowledge of the effect of Nelson Wheeler's tax-representation work on RSM's independence."[111] RSM is correct on both accounts.

**RSM Did Not Have a Duty to Notify ClearOne of Unrelated SEC Investigations**

RSM first argues that ClearOne failed to allege facts sufficient to state a claim for fraudulent non-disclosure because RSM did "not have a legal duty to communicate . . . the

---

[105] *Id.* ¶ 101.

[106] *Id.* ¶ 102.

[107] *Moore v. Smith*, 158 P.3d 562, 572 (Utah Ct. App. Mar. 22, 2007) (citing to *Yazd v. Woodside Homes Corp.*, 109 P.3d 393 (Utah Ct. App. Feb. 25, 2005)).

[108] *Moore*, 158 P.3d at 572.

[109] *Id.*

[110] Motion at 8.

[111] *Id.*

existence of unrelated SEC investigations into RSM's business and, even if it did, that information was immaterial."[112]

The legal duties RSM owes to ClearOne, including the Independence Duty, the Internal Controls Duty, the Conflict Check Duty, and the Timely Notice Duty, do not include the duty to keep ClearOne apprised of unrelated SEC investigations. To the extent RSM had a duty to disclose information to ClearOne, that duty was limited to the disclosure of information *material* to RSM's work for ClearOne.[113] ClearOne alleges that information regarding SEC investigations "would have materially impacted ClearOne's relationship with and decisions regarding RSM,"[114] but, as explained above, an investigation related to a separate entity is too attenuated to be material. Thus, while ClearOne alleges that RSM owed certain duties, none of those alleged duties include the obligation to notify ClearOne of SEC investigations with unrelated entities. RSM is correct that the fraudulent non-disclosure claim cannot be supported by the argument that RSM failed to disclose information relating to SEC investigations of other, unrelated clients.

**There is No Showing that RSM Knew Its Independence Had Been Compromised in February 2015**

As separate and additional grounds for dismissing the fraudulent non-disclosure claim, RSM is also correct that the fraudulent non-disclosure claim cannot be based on non-disclosure of the *effect* of the work done by RSM Nelson Wheeler. As explained previously, the Complaint does not adequately allege with specific facts that RSM had actual knowledge at the time it made the representation that its independence had been tainted. This is a critical failure since the third element of fraudulent non-disclosure requires that "the information was known to the party who

---

[112] *Id.*

[113] *Moore*, 158 P.3d at 572 (citing to *Yazd,* 109 P.3d 393).

[114] Complaint ¶ 102.

failed to disclose."[115] In order to satisfy this element, ClearOne "must demonstrate that [RSM] had actual knowledge of undisclosed information."[116] Actual knowledge requires more than a conclusory allegation of knowledge.[117] That is, ClearOne must allege that RSM *knew* its independence had been destroyed but represented the opposite. ClearOne does not make that allegation. Instead, the allegations establish that RSM "expressly represented to ClearOne that, as of [February 2015], RSM was 'independent with respect to the Company in compliance with PCOAB Rule 3520,' in addition to the 'independence criteria set out in the rules and regulations of the SEC under the federal securities laws.'"[118]

Because ClearOne does not provide specific factual information regarding whether RSM had actual knowledge of the *effect* of Nelson Wheeler's work (i.e., that it had destroyed RSM's independence), RSM's arguments are correct that ClearOne fails to allege sufficient facts to support its fraudulent non-disclosure claim. RSM may have been incorrect in its analysis regarding its independence, but the fact that it made an error in its analysis does not lead to the conclusion that RSM acted *fraudulently*. The critical point is that ClearOne fails to allege, with any specific support beyond a conclusory allegation,[119] that RSM *knew* its independence had been destroyed and failed to disclose that to ClearOne. The Complaint states that there are "additional unlawful nondisclosures and concealments which have yet to be discovered,"[120] but this allegation does not nudge the claim across the line from conceivable to plausible,[121] and

---

[115] *Moore*, 158 P.3d at 572.

[116] *Anderson v. Kriser*, 266 P.3d 819, 821 (Utah Ct. App. 2009).

[117] *Iqbal*, 556 U.S. at 686–87 (2009); *Koch*, 203 F.3d at 1237 (dismissing allegations of fraud where complaint failed to "set forth any factual basis to support" plaintiffs' belief that defendant acted with actual knowledge).

[118] Complaint ¶ 43.

[119] *Id*. ¶¶ 101, 102.

[120] *Id*. ¶ 101.

[121] *Twombly*, 550 U.S. at 570.

certainly does not satisfy the heightened pleading standards when asserting allegations of fraud under Rule 9. Accordingly, RSM is correct that the fraudulent non-disclosure claim cannot be supported.

### Equitable Claims

ClearOne's sixth and seventh causes of action are based on equitable claims: estoppel and unjust enrichment.[122]

RSM first contends that ClearOne cannot assert a claim for "estoppel" under Utah law because a claim for "estoppel" is imprecise. Rather, RSM argues, ClearOne must claim either "equitable estoppel" or "promissory estoppel."[123] RSM cites to a decision from this court explaining the difference between "equitable estoppel" and "promissory estoppel": "The primary difference between promissory and equitable estoppels is that the former is offensive and can be used for the affirmative enforcement of a promise, whereas the latter is defensive and can be used only for preventing the opposing party from raising a particular claim or defense."[124] "Presumably," RSM argues, ClearOne "intended to allege promissory estoppel."[125] ClearOne does not challenge this.[126] Thus, ClearOne's "estoppel" claim is construed as a "promissory estoppel" claim.

But RSM argues that even if the "estoppel" claim is construed as a "promissory estoppel" claim, the promissory estoppel and unjust enrichment claims must fail because they rely upon the

---

[122] Complaint ¶¶ 105–113; *Andreason v. Aetna Cas. & Sur. Co.*, 848 P.2d 171, 174–75 (Utah Ct. App. 1993) (noting that "estoppel is an equitable claim for relief"); *American Towers Owners Ass'n. v. CCI Mech.*, 930 P.2d 1182, 1193 (Utah 1996) (stating that unjust enrichment is also an "equitable remedy").

[123] Motion at 12.

[124] *Water Servs. v. Zoeller Co.*, No. 2:12-cv-00723-TS, 2013 WL 5964457, at *5 (D. Utah Nov. 7, 2013) (unpublished) (quoting 28 Am. Jur. 2d Estoppel and Waiver § 34 (2013)).

[125] Motion at 12.

[126] Opposition at 10.

lack of an enforceable written or oral contract.[127] The Complaint, RSM argues, does not allege

the lack of an enforceable written or oral contract.[128] Instead, according to RSM, the Complaint

alleges just the opposite—it alleges that there was a valid and enforceable contract.[129] RSM is

correct. While a plaintiff is permitted to plead a breach of contract claim and an equitable claim

in the alternative,[130] the plaintiff must still sufficiently plead facts to support each of the claims

asserted in the Complaint.[131] Thus, to prevail against RSM's motion to dismiss the sixth and

seventh causes of action for promissory estoppel and unjust enrichment, ClearOne must show

that its Complaint alleges the non-existence of a binding contract.[132] ClearOne has not made that

allegation.

"As a prerequisite to bringing [an equitable claim], the plaintiff must establish that the

parties do not have a formal contract controlling their rights and obligations."[133] Rather than

alleging that the parties do *not* have a formal contract, ClearOne alleges that there are "valid,"

"binding," and "enforceable" "Agreements" "between ClearOne and RSM."[134] Nowhere in the

Complaint does ClearOne allege that there is *not* a binding contract between the parties. Thus,

---

[127] Motion at 11–14.

[128] *Id.*

[129] *Id.* (citing Complaint ¶ 80).

[130] *E & H Land, Ltd. v. Farmington City*, 336 P.3d 1077, 1087 (Utah Ct. App. 2014) (citing *Northgate Vill. Dev., LC v. Orem City*, 325 P.3d 123 (Utah App. 2014)) ("[A] plaintiff who believes it is entitled to relief under a contract is free to assert both breach of contract and promissory estoppel claims in a complaint.").

[131] *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007)) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

[132] *Global Fitness Holdings LLC v. Fed. Recovery Acceptance Inc.*, 127 F. Supp. 3d 1228,* 1237 (D. Utah August 31, 2015) ("As a prerequisite to bringing a promissory estoppel claim, the plaintiff must establish that the parties do not have a formal contract"); *Water Servs.*, 2013 WL 5964457 at *17 "([R]ecovery under an unjust enrichment theory is available only 'when no enforceable written or oral contract exists.'").

[133] *Global Fitness*, 127 F. Supp. 3d at 1238 (quoting *Mile High Indus. v. Cohen*, 222 F.3d 845, 859 (10th Cir. 2000)); *E&H Land*, 336 P.3d at 1086 (same); *American Towers*, 930 P.2d at 1193 ("if a legal remedy is available, such as breach of an express contract, the law will not imply the equitable remedy of unjust enrichment").

[134] Complaint ¶¶ 47, 80, 86.

ClearOne's Complaint does not sufficiently state a claim for relief under its equitable claims because it fails to allege the *non-existence* of a valid contract.

Fed. R. Civ. P. 8(d)(3) allows a plaintiff to "state as many separate claims or defenses as it has, regardless of consistency."[135] Therefore, ClearOne is clearly permitted to state inconsistent allegations. For example, ClearOne could allege that the parties have a valid contract *and* that no valid contract exists. These allegations are inconsistent, but they are permissible when pleading in the alternative. ClearOne makes only one allegation: that there are valid and enforceable Agreements between the parties.[136]

ClearOne argues in its Opposition that its estoppel and unjust enrichment claims are "a form of alternative relief[.]"[137] While such claims are permitted to be plead in the alternative under Rule 8,[138] the problem is that ClearOne failed to allege an essential element of its equitable claims—the *non-existence* of a valid contract. Therefore, the equitable claims are dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

Because the breach of contract claim may be reasonably read to arise from the alleged failure to provide auditing services according to the express terms of the Agreements, and the implied covenant claim may be reasonably read to arise from the alleged failure to abide by implied duties arising from the Agreements, they are not redundant of one another and are not redundant to the professional negligence claim. Therefore, the Contract Claims have been adequately alleged and will not be dismissed.

---

[135] Fed. R. Civ. P. 8(d)(3).

[136] Complaint ¶¶ 80, 86.

[137] Opposition at 9.

[138] Fed. R. Civ. P. 8(d)(3).

However, because ClearOne does not adequately allege the claims for fraudulent misrepresentation and fraudulent nondisclosure, those claims are dismissed. Similarly, ClearOne's equitable claims for promissory estoppel and unjust enrichment are inadequately alleged because the Complaint fails to allege the non-existence of a binding contract between the parties.

## ORDER

IT IS HEREBY ORDERED that the Motion[139] is GRANTED in part and DENIED in part. The Motion is GRANTED as to the claims for fraudulent misrepresentation, fraudulent non-disclosure, promissory estoppel ("estoppel"), and unjust enrichment, which are dismissed without prejudice. The Motion is DENIED as to the claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

Signed March 6, 2017.

BY THE COURT

David Nuffer
United States District Judge

---

[139] Partial Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(6) ("Motion"), docket no. 11, filed Aug. 2, 2016.