IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE, INC., an Utah Corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>RSM US LLP, an Iowa limited liability partnership,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S SHORT-FORM DISCOVERY MOTIONS<br><br>Case No. 2:16-cv-00736-DN-DBP<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

## **INTRODUCTION**

This matter was referred to the court under 28 U.S.C. § 636(b)(1)(A). (ECF No. 42.) The Complaint alleges accounting malpractice, breach of contract, and equitable claims for relief. (*See* ECF No. 29.) Plaintiff ClearOne, Inc. ("ClearOne"), filed two short-form discovery motions. The first, filed October 26, sought to compel information about Defendant RSM US, LLP's ("RSM"), prior conduct evidencing a lack or failure of conflict controls regarding other clients. (ECF No. 43). The second motion, filed October 27, seeks to compel information from RSM's affiliate in Hong Kong. (ECF No. 44). RSM responded to both motions and requested an opportunity to further brief the issues. (ECF Nos. 45–46). The court ordered additional briefing on the October 26 motion from both parties, which they provided. (ECF No. 51; *see* ECF Nos. 53, 55). The court also ordered RSM to provide a supporting declaration for its response to the October 27 motion; RSM complied. (ECF No. 52; *see* ECF No. 54). The court appreciates the parties' thoughtful briefing on the issue. The court did not hear oral argument.

## ANALYSIS

I. **October 26 motion regarding internal controls**

   a. **Parties' arguments**

ClearOne's motion seeks to compel responses to interrogatories and requests for production of documents related to any instances during the last six years in which RSM discovered its independence was impaired or that a client or regulator alleged it was impaired. (ECF No. 43.) ClearOne contends the information is probative of whether RSM acted negligently in discovering the disqualifying conflict in this case and the extent of RSM's negligence. (*Id.*) ClearOne also believes the items requested may establish RSM's routine practice as described in Federal Rule of Evidence 406. (*Id.*)

RSM contends the discovery sought is not relevant to whether RSM acted negligently in its dealings with ClearOne. (ECF No. 45). RSM also argues the information sought would be inadmissible even under Rule 406. (*Id.*) Finally, RSM suggests the discovery is disproportionate to the needs of this case, particularly in light of the impact on third-party confidentiality. (*Id.*)

   b. **ClearOne's October 26 motion seeking information about a lack or failure of controls regarding RSM's other clients will be denied because the request falls outside the permissible scope of discovery.[1]**

The information sought is not sufficiently relevant or proportional to warrant discovery. The court must limit the extent of discovery when the material sought is privileged, or it is not "relevant to a party's claim or defense and proportional to the needs of a case . . . ." Fed. R. Civ. P. 26(b)(1) & (b)(2)(C)(iii). Neither party cites to any binding authority addressing the relevance of the materials at issue. RSM cites a number of persuasive authorities that suggest the audit

---

[1] In its reply, ClearOne abandons its Rule 406 argument as a basis for its motion to compel. (ECF No. 55 at 12 n.4). Accordingly, the court does not address it.

materials of one client are not relevant to questions about audits performed for another client. *See, e.g.*, *Colonial BancGroup Inc. v. PriceWaterhouseCoopers LLP*, No. 2:11-CV-746, 2015 WL 13604390, at *2–3 (M.D. Ala. Dec. 4, 2015) (concluding the relevance of information related to clients other than plaintiff "tenuous at best"). ClearOne has not identified a case in which a court granted discovery under the circumstances presented here.[2] The court is not otherwise aware of a case that favors ClearOne's position. Accordingly, the court will evaluate ClearOne's motion based on the plain language of Rule 26, exercising its broad discretion. *S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010). The court considers the cases RSM cites only for their persuasive value.

      Here, the court finds the discovery sought is not relevant to this matter. Alternatively, to the extent the material sought has marginal relevance, it is disproportionate to the needs of this case. ClearOne asserts the discovery is relevant to whether RSM's internal controls meet the requisite duty of care, whether RSM acted reasonably under the circumstances, and the timeliness of RSM's discovery of independence issues. (ECF No. 55 at 5–6). Yet the proposed discovery does not seek information about any of these issues as they relate to ClearOne. Instead, ClearOne seeks to discover failures and negligence affecting third parties. Yet RSM's negligence affecting a separate client does not make it any more or less likely that RSM met any duty of care ClearOne describes, acted reasonably, or acted timely under the circumstances in this case. ClearOne never explains how the proposed discovery bears on the likelihood of these issues.

---

[2] The case most in ClearOne favor involved a peculiar circumstance that arise during expert discovery. *See Williamson v. PricewaterhouseCoopers*, No. 602106/2004, 2007 WL 7113002 (N.Y. Sup. Feb. 21, 2007). Yet even ClearOne acknowledges that court initially denied discovery. *See Williamson v. PricewaterhouseCoopers*, 2006 WL 6544389 (N.Y. Sup. Nov. 13, 2006).

ClearOne suggests that RSM acted willfully if it knew of other independence issues prior to discovering the independence issue that led it to withdraw the ClearOne audit. This argument has superficial logical appeal, but it does not hold up under scrutiny. First, the pertinent issue bearing on RSM's willfulness as it relates to ClearOne is when RSM learned of its disqualifying conflict with ClearOne. The cases RSM cites support the court's conclusion. As the Middle District of Alabama noted, the few courts to address this issue have found "audits are unique and no two are alike . . . ." *Colonial BancGroup* at *3 (quoting *Williamson v. PricewaterhouseCoopers LLP*, 2006 WL 6544389, at *3-5 (N.Y. Sup. Nov. 13, 2006)); *see Cal. Pub. Employees Retirement Sys. v. Arthur Andersen LLP*, No. 2:97-cv-1899, ECF No. 302 at 2-4 (D. Ariz. June 9, 2009). Given the idiosyncratic nature of audits, including the varied reasons an auditor may find it lacks independence, the court finds this rationale persuasive.

Additionally, even crediting the requested materials as being marginally relevant, that relevance is outweighed by the cost borne, in part, by third parties for whom RSM has performed its professional services. The court finds ClearOne's requests disproportionate because production of much of the material sought will intrude into confidential matters of other clients. While such confidentiality concerns may be ameliorated through protective orders, they cannot be eliminated. These concerns outweigh ClearOne's interest in the discovery it seeks here. Ultimately, the question before the court is whether RSM was negligent in its dealings with ClearOne. That question can best be answered with information about RSM's and ClearOne's relationship, without resort to other client information. Even to the extent the information is marginally relevant, the privacy interests of third parties outweigh ClearOne's need for the information. This reasoning is also supported by the persuasive authorities RSM cites. *See*

*Colonial BancGroup* at *5 (discussing privacy interests of other clients). To the extent RSM's other clients have elected not to pursue litigation themselves, that decision may be motivated, at least in part, by a desire to keep the disqualification and the reasons for it confidential. To the extent any such entities have elected to pursue litigation for an alleged impairment of RSM's independence, as ClearOne does, the facts are public (unless some important privacy interest has prevented public disclosure).

ClearOne attempts to distinguish the authority RSM cites, but its attempts miss the mark. ClearOne attempts to distinguish RSM's authority by characterizing the information it seeks as different from the information sought in the persuasive authority. ClearOne contends it seeks evidence of prior problems with RSM's controls to ensure independence. ClearOne contends the cases that RSM cites all considered discovery regarding the manner in which a defendant performed an audit. (ECF No. 55 at 7). The court finds this to be a distinction without a difference. The information sought still lacks substantial relevance and intrudes into privacy of third parties. Regardless of the particular manner in which ClearOne believes RSM breached its professional duty, ClearOne seeks information related to other clients, as did the parties in the cases RSM cites. Although different in minor respects, the discovery ClearOne seeks still injects similar, if not identical, unnecessary and irrelevant issues. Rather than answering questions about RSM's actions in this case, the material sought invites speculation about whether RSM has committed other bad acts related to other clients. Additionally, the discovery will further confuse the issues in this case because the court will be forced to conduct mini trials about whether other related incidents involving RSM's alleged lack of independence had merit. ClearOne seeks information about alleged violations of RSM's duty of independence without regard to merit.

(*See* ECF No. 44, Ex. 1). The information sought would obscure the issues in this case and invite improper speculation about RSM's conduct in the case at bar based on its conduct with other clients. For all of the foregoing reasons, ClearOne's October 26 motion will be denied.

## II. October 27 motion regarding RSM's Honk Kong affiliate

### a. Parties' arguments

ClearOne's motion seeks production of certain information in the possession of RSM's Hong Kong affiliate. (ECF No. 44). ClearOne contends that RSM's objection that the information is not within its possession, custody, or control, because RSM has the authority or ability to obtain the documents. (*Id.*)

RSM contends ClearOne bears the burden to show RSM has the ability to control its Hong Kong affiliate to succeed on the motion to compel. (ECF No. 46). RSM contends ClearOne cannot meet its burden because RSM and its Hong Kong affiliate are separate corporate entites operating under a single brand, without access to one another's document or email systems.

### b. ClearOne's October 27 motion seeking information about RSM's Hong Kong affiliate will be denied because RSM does not have the ability or authority to obtain the information ClearOne seeks

The court will deny the October 27 motion because RSM provided a declaration indicating it does not have possession, custody, or control, over the records ClearOne seeks. As noted in the cases ClearOne cites, discovery of information possessed by a nonparty may be "appropriate to the extent that [the responding party] has the practical ability and authority to obtain relevant and discoverable information." *Braun v. Medtronic Sofamor Danek, Inc.*, No. 2:10-CV-1283, 2013 WL 30155, at *8 (D. Utah Jan. 2, 2013), *objections sustained on other grounds*, No. 2:10-CV-1283, 2013 WL 1842290 (D. Utah May 1, 2013); *see S2 Automation LLC*

*v. Micron Tech., Inc.*, No. CIV 11-0884, 2012 WL 3656454, at *33 (D.N.M. Aug. 9, 2012). Nonetheless, these cases recognize that corporate affiliates may not have the legal or practical ability to obtain documents from one another. For example, in the *S2 Automation* case on which Clear One relies, the District of New Mexico required a party claiming it could not produce documents held by a foreign affiliate to file an affidavit from a corporate official confirming that claim. 2012 WL 3656454 at *33. Here, the court required RSM to provide a similar declaration.

In its declaration, RSM's Assistant General Counsel states that RSM and its Hong Kong affiliate are independent members of an associate that shares branding and trademarks. (ECF No. 54, Ex. 1). Neither entity is a subsidiary of the other, nor do they operate under common control. (*Id.*) Consequently, RSM does not have access to its Hong Kong affiliate's books, records, or IT systems. (*Id.*) Accordingly, the court will deny ClearOne's request. RSM cannot comply with the extensive discovery requests regarding its Hong Kong affiliate because it does not have the ability or authority to search the necessary books and records, or to compel its Hong Kong affiliate to respond.

## ORDER

Based on the foregoing, the court hereby,

**DENIES** ClearOne's Short Form Discovery Motion re: Interrogatories 1–2 and Requests for Production 10–11 (ECF No. 43); and

**DENIES** ClearOne's Short Form Discovery Motion re: RSM Hong Kong (ECF No. 44).

Dated this 15th day of December 2017.

_____
Dustin B. Pead
United States Magistrate Judge